652 N.W.2d 667 (2002)
In re 2002 PA 48, House of Representatives' Request for an Advisory Opinion.
Docket No. 121394.
Supreme Court of Michigan.
September 23, 2002.
On order of the Court, the Court having on May 28, 2002 granted the request by the House of Representatives for an advisory opinion and briefs amicus curiae having been filed and reviewed, the order of May 28, 2002 is VACATED and the Court respectfully declines to issue an advisory opinion.
Requests for advisory opinions are an extraordinary exception to the typical process that brings cases to this Court. Absent are parties who have an actual stake in the outcome and a record fully developed in our lower courts. This Court initially granted the request on the strength of the Legislature's request for an advisory opinion. However, although the Court invited anyone with an interest in 2002 PA 48 to file amicus curiae briefs on the questions posed by the Legislature, only one of the five briefs filed presented a challenge to the constitutionality of the act based upon only one of the questions at issue.
Given the apparent lack of interest in the legal questions posed by the Legislature concerning 2002 PA 48 and the absence of briefing sufficient to raise and flesh out potential competing arguments and contexts necessary to a reasoned opinion, the Court concludes that the citizens of Michigan would be better served to have any challenges to 2002 PA 48 resolved in the traditional manner.
The motion by the Michigan Cable Telecommunications Association for leave to file a brief amicus curiae is GRANTED.
The motion by the Michigan Municipal League and the Michigan Townships Association for oral argument is DENIED as moot.
MARKMAN, J. (dissenting).
I respectfully dissent from this Court's decision to deny the request of the Michigan House of Representatives for the issuance of an opinion on the constitutionality of certain provisions of the Metropolitan Extension Telecommunications Rights-of-Way Oversight Act (2002 PA 48). I would grant this request in the belief that our constitution's system of separated powers not only requires that each branch of government, in its relationships with the others, assert and defend its prerogatives where necessary, but that each also demonstrate comity with the others wherever possible.
The authority for the House of Representatives' request is contained in the Michigan Constitution, which provides:
Either house of the legislature or the governor may request the opinion of the supreme court on important questions of law upon solemn occasions as to the constitutionality of legislation after it has been enacted into law but before its effective date. [Const. 1963, art. 3, § 8.]
In the instant request, the House of Representatives has asserted the following: (a) that the constitution allows the Legislature to request an opinion of this Court on "solemn occasions" only; (b) that the constitutional questions on which it sought an opinion in this case are "important" ones; (c) that this Court's resolution of these constitutional questions is "important" also to the "certain and orderly implementation" of the law; and (d) that these constitutional questions are of "great importance and solemn concern to the people of the state of Michigan ...."
*668 In light of these assertions, I see no reason why this Court should not accommodate the House of Representatives' request. It is not, after all, as if such requests are made routinely or frivolously, for it appears that there has been but one such request from the Legislature over the past fourteen years. Nor, upon even the most cursory review, does it appear that the constitutional questions presented are other than substantial ones, addressing new forms of public institutions and implicating the relationships between the state and local governments. The constitutional questions presented here are precisely those, in my judgment, that the framers of the Michigan Constitution had in mind, in enacting article 3, § 8.
Further, upon the most cursory review, it appears that the subject matter of the law in question is of considerable importance to our state. According to the House of Representatives, the purpose of this law is
to encourage competition and the introduction of new broadband services throughout the state. This act contemplates streamlining the process for authorizing access to and use of public rights-of-way by telecommunications providers, and provides for a common public rights-of-way maintenance fee applicable to telecommunications providers ....
One need only take notice of the most recent State of the State addresses of the Governor to be confirmed in the view that such a law is seen by the leadership of our representative branches to be of "great importance ... to the people of the state of Michigan ...."
While I have no views on the substantive merits of this law, or, as of yet, on the constitutional questions presented by the House of Representatives, the House has set forth a more-than-adequate case that these questions merit the attention of this Court. In particular, they merit the timely attention of this Court. By asserting that the "certain and orderly implementation" of this law depends upon its request being granted, I understand the House to be asserting that the uncertain constitutionality of this law, by itself, threatens to undermine its effective implementation. Given the broad scope of this law, and what doubtless are the substantial amounts of private investment required, the House's assertion strikes me as reasonable. Moreover, if this Court does not issue an opinion now, but at some later time determines that one or more of the provisions of this law are unconstitutional, the question of remedy almost certainly will have become far more difficult, with far greater potential for unfairness to the parties. See Bolt v. City of Lansing (On Remand), 238 Mich.App. 37, 604 N.W.2d 745 (1999), lv. gtd. 462 Mich. 911, 613 N.W.2d 726 (2000), order vacated and lv. den. 464 Mich. 854, 626 N.W.2d 394 (2001), reconsideration den. by equal division 464 Mich. 854, 626 N.W.2d 394 (2001).
It is especially unfortunate here that we now deny the House's request more than three months after such request was initially granted. As a result, the efforts of amici curiae will have gone for naught, remedial or amendatory efforts by the Legislature may have been forestalled, and constitutional challenges by private parties may have been delayed.[1]
*669 Once more, I believe that our constitutional separation of powers requires comity wherever possible. The constitution "enjoins upon its branches separateness but interdependence, autonomy but reciprocity." Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 635, 72 S.Ct. 863, 96 L.Ed. 1153 (1952) (Jackson, J., concurring). I am not persuaded that there is good reason for this Court to deny this rarely received request from the Legislature.

APPENDIX

(Questions from the House of Representatives)
1. Whether the Metropolitan Extension Telecommunications Rights-of-Way Oversight Authority may constitutionally require a permit, under Section 5 of 2002 PA 48, and assess an annual maintenance fee, under Section 8 of 2002 PA 48, on all telecommunications providers in Michigan, including those providers that assert preexisting franchise rights under 1883 PA 129.
2. Whether the Metropolitan Extension Telecommunications Rights-of-Way Oversight Authority, as established and empowered under Section 3 of 2002 PA 48, is duly constituted as a metropolitan authority under Article VII, Section 27 of the Michigan Constitution of 1963.
3. Whether the creation of an authority under Article VII, Section 27 of the Michigan Constitution of 1963 possessing the powers and duties provided for in 2002 PA 48 is a constitutional exercise of the Legislature's powers consistent with Article VII, Section 29 of the Michigan Constitution of 1963.
4. Whether the annual maintenance fee required to be paid by telecommunications providers under the provisions of 2002 PA 48 to recover the costs and in consideration of the right to use public rights-ofway constitutes a valid fee that is not prohibited from being imposed without voter approval by Article IX, Section 31 of the Michigan Constitution of 1963.
NOTES
[1] While, like the majority, I would have preferred that more amici curiae briefs had been submitted, my belief that this Court owes comity to a coordinate branch of government is not contingent upon these numbers. In responding to the House, it is our obligation to do the best that we can do in light of the available legal resources. That such requests by the Legislature are, as the majority correctly asserts, an "extraordinary exception to the typical process that brings cases to the Court," does not alter the fact that responding to such requests remains an express part of our "judicial power."