651 N.W.2d 747 (2002)
In re EXECUTIVE MESSAGE FROM THE GOVERNOR.
Docket No. 122182.
Supreme Court of Michigan.
October 4, 2002.
The Executive Message of the Governor pursuant to MCR 7.305(A) was received on August 19, 2002, requesting that this Court direct the Court of Appeals to certify certain questions raised in Court of Appeals Docket No. 241521 for immediate determination by this Court. On September 6, 2002, we ordered the Court of Appeals to further expedite its consideration of the case, and to deliver its opinion by September 24, 2002. The Court of Appeals has done so. In light of the issuance of the Court of Appeals decision, we respectfully DECLINE the request because it does not appear that use of the certified question procedure is appropriate. The parties may seek review of the Court of Appeals decision by filing an application for leave to appeal to this Court.
MARKMAN, J. (dissenting).
I respectfully dissent from this Court's decision to deny the Governor's request in his Executive Message to certify certain questions relating to the constitutionality of the Public Airport Authority Act (2002 PA 90). Rather, I would continue to expedite consideration of this matter, and abey final resolution of the Governor's request until after such expedited consideration has been completed.
The Governor's authority to request the certification of constitutional and other legal questions is derived from MCR 7.305(A)(1), which provides in pertinent part:
Whenever a court or tribunal from which an appeal may be taken to the Court of Appeals or to the Supreme Court has pending before it an action or proceeding involving a controlling question of public law, and the question is of such public moment as to require early determination according to executive message of the Governor addressed to the Supreme Court, the Supreme Court may authorize the court or tribunal to certify the question to the Supreme Court with a statement of the facts sufficient to make clear the application of the question.
In response to the Governor's certification request of August 19, 2002, this Court on September 6, 2002, while holding his request in abeyance, ordered the Court of Appeals to expedite its consideration of the certified questions. Under difficult circumstances, the Court of Appeals admirably complied with this order on September 24, 2002.
I joined this Court's order because, in my judgment, it best ensured that the certified questions here would be resolved expeditiously, and correctly. However, the Court of Appeals' decision did not constitute a final response to the Governor's Executive Message. Rather, the Governor, as is his right, has sought, and is entitled to, an "early and final determination by the Supreme Court." In his request, the Governor communicated that,
[T]he mere pendency of this litigation is having a deleterious effect on the operation and management of the state's busiest airport [and that] delay in resolving this litigation will, in all likelihood, have a significant negative impact on Michigan's economy.
This statement clearly communicates the Governor's view that the certified questions here are of "public moment" under MCR 7.305(A)(1). Moreover, the Governor's assertion that his request is "rare," but nonetheless "necessary," underscores *748 the propriety of a full response on the part of this Court to his request.[1] I would undertake such a response.
While a motion for rehearing potentially could be filed in the Court of Appeals, I would issue an order requiring that any party dissatisfied with the decision of the Court of Appeals must file leave to appeal in this Court within 7 days. If such an application is filed, I would set an expedited briefing schedule and then consider this matter appropriately in as expedited a fashion as possible. There is no reason that the parties, and this Court, cannot proceed on this matter with the same alacrity as the Court of Appeals. I would not, by denying the Governor's request for certification at this time, return to "business as usual" in our consideration of this matter, and thereby conceivably allow it to remain in "pendency" for many more months.
As I remarked recently in the context of a similar request for certification by the legislature, "[O]ur constitution's system of separated powers not only requires that each branch of government, in its relationships with the others, assert and defend its prerogatives where necessary, but that each also demonstrate comity with the others wherever possible." In re 2002 PA 48, ___ Mich. ___ (Docket No. 121394, ordered entered September 23, 2002) (Markman, J., dissenting). The constitution "enjoins upon its branches separateness but interdependence, autonomy but reciprocity." Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 635, 72 S.Ct. 863, 96 L.Ed. 1153 (1952) (Jackson, J. concurring). I would not deny the Governor's request for certification at this time.
NOTES
[1] This is only the fourth Executive Message requesting certification over the past decade, with only one such request having been granted by this Court.